## Parkhurst et ux. v. Baumgarten

*Thomas W. Spofford,* for plaintiffs.
*Louis R. Benacci,* for defendant.

EVANS, P. J., February 27, 1952.—Defendant in this matter has filed preliminary objections to a complaint in assumpsit to recover the sum of $132 alleged to be

excessive and usurious interest illegally demanded and paid. Plaintiffs on January 10, 1948, borrowed from defendant the sum $14,000 and gave him as security a mortgage on plaintiffs' real estate payable one year from date with interest thereon at the rate of six percent per annum, payable semi-annually. The debt was not paid at maturity and without any specific agreement with reference thereto the mortgage remained of record, and interest at the rate of six percent per annum was paid regularly thereafter. On May 4, 1951, plaintiffs tendered the balance owed on the principal in full together with interest at six percent to the date of payment, but defendant demanded interest until July 10, 1951, and refused to satisfy the mortgage unless the interest was paid to that date. After protest, and in order to secure a satisfaction of the mortgage, the amount demanded was paid and this suit was brought within six months' period as required by the Act of May 28, 1858, P. L. 622, 41 PS §4, to recover the usurious interest so paid.

Defendant contends that interest in accordance with the terms of the mortgage was payable as an entire and indivisible sum for each six months during which the debt remained unpaid and that, therefore, he was not obliged to take a lesser sum because of the fact that the offer of payment was made within such six months' period.

With this contention we do not agree. The principal and interest on a mortgage is, prior to maturity, payable as set forth therein. After maturity, however, the obligee may demand his principal and the obligor may tender it at any time. Interest at six percent is collectible for delay in payment of an obligation irrespective of any agreement as to interest prior to maturity. Even though a contract might call for the payment of interest at the rate of three percent, or for no interest at all prior to maturity, when the principal

sum becomes due, it must be paid at once to avoid liability for interest at six percent for the period of default.

Counsel are unable to cite direct Pennsylvania authority on this point, but in 10 A. L. R. 999 it is stated to be the law generally that where a contract provides for payment of interest periodically but is silent as to the time of payment after maturity, the provision for payment at stated periods ceases to have effect on the maturity of the principal and interest accrues without reference to such express provision.

Inasmuch as interest was due and payable only to the date of the principal payment, any excess collected was usurious and plaintiff is entitled to bring suit under the Act of 1858, supra, to recover any sum excessively demanded and paid.

And now, to wit, February 27, 1952, the preliminary objections filed December 10, 1951, are dismissed, and defendant required to file an answer on the merits within 15 days.